OPINION
{¶ 1} Appellant herein, James Thacker (hereinafter "Thacker"), appeals the judgment of the Marion County Court of Common Pleas finding him guilty of two counts of felonious assault, in violation of R.C. 2903.11(A).
 {¶ 2} This case arises from an altercation between appellant, James Thacker, and Charles Redmon (hereinafter "Redmon"). On January 24, 2003, Thacker arrived at the Redmon residence in Marion, Ohio around 10:00 a.m. to visit Redmon and Redmon's wife, Tammy, who was Thacker's niece.
 {¶ 3} According to testimony, as the day progressed, Thacker and Redmon each consumed approximately ten to fourteen beers. Around 6:00 p.m., an argument began between the two men regarding whether Redmon's children shared more characteristics of the Redmon family or of the Thacker family. The argument escalated and resulted in Thacker stabbing Redmon five times with a knife belonging to Redmon. Redmon was stabbed in the collarbone, chest, right arm, right thigh and left thigh.
 {¶ 4} Tammy Redmon, Robert and Ashley Redmon, children of Charles and Tammy, and one of the children's friends were all present in the Redmon home when the stabbing occurred. Robert attempted to call the police after his father was stabbed, but Thacker stopped him by cutting the phone cord with the knife. Ashley and her friend then went to call the police at a neighbor's house. Tammy pleaded with Thacker to leave, which he did, still carrying the knife.
 {¶ 5} The police apprehended Thacker approximately ten minutes after they were called and placed him under arrest. The police did not, however, find the knife.
 {¶ 6} On January 30, 2003, Thacker was indicted on one count of attempted murder, two counts of felonious assault, one count of tampering with evidence, and one count of disrupting public service.
 {¶ 7} A jury trial was held May 29 and 30, 2003. At the conclusion of the prosecution's case, the trial court granted Thacker's motion for acquittal on one count of tampering with evidence and one count of disrupting public service.
 {¶ 8} Following the presentation of all the evidence, Thacker was found guilty on both counts of felonious assault, one count in violation of R.C. 2903.11(A)(1) and one count in violation of R.C. 2903.11(A)(2). Thacker was found not guilty on the count of attempted murder.
 {¶ 9} On June 9, 2003, the trial court sentenced Thacker to a term of three years in prison for each of the two counts of felonious assault, to be served concurrently.
 {¶ 10} It is from this decision that appellant appeals, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I Defendant-appellant's conviction is contrary to the manifestweight of evidence.
 {¶ 11} At trial, Thacker neither denied that he had an argument with Redmon, nor that he stabbed Redmon. However, Thacker asserts that he is not guilty of felonious assault because he acted in self-defense. He maintains that his conviction is against the manifest weight of the evidence because the evidence adduced at trial established this affirmative defense. He claims that from the evidence presented, it was clear that Redmon was the aggressor and Thacker was defending himself from a perceived threat.
 {¶ 12} The weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. State v.Thompkins (1997), 78 Ohio St.3d 380, 387 (citation omitted). In reviewing an appellant's claim on this issue, an appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id., quoting State v. Martin (1983),20 Ohio App.3d 172, 175. Appellate courts are cautioned to sustain a manifest weight argument in exceptional cases only, where the evidence "weighs heavily against the conviction." Id.
 {¶ 13} In the case sub judice, Thacker was charged with felonious assault. The state, therefore, had the burden of proving beyond a reasonable doubt that the appellant, knowingly did "cause or attempt to cause physical harm to another * * * by means of a deadly weapon." R.C. 2903.11; State v. Bowman, Marion App. No. 9-01-47, 2002-Ohio-3391, ¶ 10.
 {¶ 14} Under Ohio law, self-defense is an affirmative defense for which an accused must prove the following by a preponderance of the evidence: (1) the accused was not at fault in creating the situation giving rise to the affray; (2) the accused had a bona fide belief that he or she was in imminent danger of death or great bodily harm and that the only means of escape from such danger was in the use of force; and (3) the accused must not have violated any duty to retreat or to avoid the danger. State v.Williford (1990), 49 Ohio St.3d 247, 249, quoting State v.Robbins (1979), 58 Ohio St.2d 74, paragraph two of the syllabus. Further, the "elements of self-defense are cumulative. * * * If the defendant fails to prove any one of these elements by a preponderance of the evidence he has failed to demonstrate that he acted in self-defense." State v. Jackson (1986),22 Ohio St.3d 281, 284.
 {¶ 15} At trial, the appellant asserted that he acted in self-defense. The evidence introduced in the trial court does not, however, support Thacker's claim. Tammy Redmon, Robert Redmon, Ashley Redmon and Ashley's friend Casey Hutchinson, all of whom were present in the Redmon home at the time of the altercation, testified that they never saw Redmon with a weapon. The witnesses said that Thacker was holding the knife down to his side and told Redmon not to come any closer or he would kill him. The witnesses also testified that Redmon was standing several feet from Thacker when Thacker swung the knife at Redmon, cutting him across the chest. There was testimony that after Thacker stabbed Redmon, he put the knife to Redmon's throat and threatened to kill him before Tammy Redmon intervened. When the police apprehended Thacker he told them, "I was going to put the knife right through his fucking back and his wife came in there and begged me not to." Furthermore, the only evidence of self-defense introduced was Thacker's own testimony.
 {¶ 16} Although the appellant claimed that he acted in self-defense, the jury clearly was not persuaded by Thacker on this issue. We find the manifest weight of the evidence supports the jury's finding of guilt on the charge of felonious assault and that the trier of fact did not clearly lose its way.
 {¶ 17} Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred to the prejudice of defendant-appellantby allowing the testimony of Tony Roberts regardingdefendant-appellant's alleged desire to "return home."
 {¶ 18} Tony Roberts, a friend of Charles Redmon, was at the Redmon home on the day of the altercation with Thacker and Redmon, but left before the argument began. At trial, Roberts testified that throughout the day Thacker complained about living at the homeless shelter and stated several times that he was "gonna go out and rob somebody or kill somebody or rape somebody to go back home." According to Roberts' testimony, "going back home" for Thacker meant returning to prison.
 {¶ 19} Thacker claims that Roberts' testimony was improper because it was not relevant. Even if relevant, Thacker argues, its probative value is substantially outweighed by the danger of unfair prejudice.
 {¶ 20} The admission of relevant evidence rests within the sound discretion of the trial court. State v. Myers,97 Ohio St.3d 335, 2002-Ohio-6658. On review, an appellate court may not disturb the trial court's decision unless it is unreasonable, arbitrary, or capricious. Id.
 {¶ 21} Evidence which is not relevant is not admissible. Evid.R. 402. Relevant evidence is evidence that has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401; State v. York,154 Ohio App.3d 463, 2003-Ohio-4629, ¶ 9.
 {¶ 22} We find that the trial court did not abuse its discretion in allowing Roberts' testimony regarding Thacker's statement. The statement was relevant to show motive, Thacker's state of mind at the time of the stabbing and to rebut Thacker's claim of self-defense. We do not find that the trial court's decision to allow this statement into evidence was arbitrary, capricious or unreasonable.
 {¶ 23} Appellant's second assignment of error is overruled.
 {¶ 24} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Shaw, P.J. and Bryant, J., concur.