The STATE of Ohio, Appellee,

v.

PEREZ, Appellant.

[Cite as *State v. Perez* (1991), 72 Ohio App.3d 468.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–782.

Decided Feb. 8, 1991.

*Michael Miller,* Prosecuting Attorney, and *Katherine Press,* for appellee.
*James Kura,* County Public Defender, and *Allen V. Adair,* for appellant.

REILLY, Presiding Judge.

Defendant was indicted on one count of felonious assault in violation of R.C. 2903.11 with a specification under R.C. 2941.143 alleging that the victim suffered physical harm. A jury trial was held before the common pleas court on May 22, 1990. The jury found defendant guilty of the lesser included offense of simple assault under R.C. 2903.13. Defendant appeals and alleges the following assignments of error:

"I. The court erroneously instructed the jury on the affirmative defense of self-defense, by using an instruction applicable only to the use of deadly force, though deadly force was not at issue.

"II. The evidence was such that reasonable minds could only conclude that the affirmative defense of self-defense had been proven by a preponderance of the evidence.

"III. The trial court erroneously sustained the prosecutor's objections when defense counsel sought to inquire as to the prosecuting witness' financial interest in the outcome of the criminal trial, the prosecuting witness having brought a damage action based on the same transaction.

"IV. The court erroneously declared the state's rebuttal witness to be a hostile witness."

Defendant, an Ohio State University student, was employed as a bouncer at a campus area bar called Pressley's. Defendant's job, among other duties, was to eject intoxicated and unruly patrons from the bar.

On April 9, 1989, defendant was working at Pressley's at around 2:00 a.m. when he became aware of an argument developing between some patrons. Several bouncers went over to the area to prevent an altercation. One of the patrons involved in the argument was John Martin, the alleged victim, who is also an Ohio State University student. The bouncer grabbed Martin and began escorting him out of the bar. One bouncer walked in front of Martin, and .defendant walked behind Martin.

Martin became upset and questioned why he was being ejected from the bar. Martin, who is nineteen years old, had been at the bar for several hours, consuming several beers and one and one-half mixed drinks.

While walking down a flight of stairs behind Martin, defendant lost his footing and fell. When he regained his balance, he saw Martin raise his arms in an upward motion. Defendant was aware that Martin had been belligerent, so his initial reaction was to get some space between himself and Martin. But, not knowing what Martin was going to do, and trying to avoid putting himself in a dangerous position, he punched Martin one time in the face. Defendant testified that he had reasonable belief that Martin was going to assault him.

The punch was very hard, knocking Martin through the entrance of the bar. He later had surgery to repair fractures of the tripod bone in the region below the left eye and in the vicinity of the nasal and sinus passages.

Martin testified that he turned around to ask defendant why he was being ejected and defendant struck him without provocation. Several of Martin's friends were called by the state to testify that Martin was not drunk or out of control that night. However, none of them actually witnessed the blow.

Aside from Martin and defendant, Craig Comerford was the only other witness to testify that he saw the blow. He was a bouncer at Pressley's. Essentially he corroborated Martin's account. However, Comerford was impeached by the defense. Apparently, payroll records indicated that Comerford was not working on the night in question. Further, Comerford had been fired by Pressley's and had said that he would "get even" with the bar.

■ In the first assignment of error, defendant contends that the trial court erroneously instructed the jury on self-defense. Defendant maintains that the court gave the jury a charge applicable to deadly force when there was no issue of deadly force in this case.

The indictment alleged that defendant committed felonious assault in violation of R.C. 2903.11(A)(1) by "knowingly causing serious physical harm to John Martin." R.C. 2903.13, the assault statute, provides:

"(A) No person shall knowingly cause or attempt to cause physical harm to another.

"(B) No person shall recklessly cause serious physical harm to another.

"(C) Whoever violates this section is guilty of assault, a misdemeanor of the first degree."

The trial court charged the jury on self-defense, as follows:

"To establish self-defense, the defendant must prove by a preponderance of the evidence, one, the defendant was not at fault in creating the situation giving rise to the affray. Two, the defendant had an honest belief that he was in immanent [*sic*] danger of death or great bodily harm, and that his only means of escape from such danger was in the use of such force. And, three, the defendant did not violate any duty to retreat or avoid the danger.

"If the defendant had a reasonable and honest belief that he was in immanent [*sic*] danger of death or great bodily harm, and that the only means of escape from such danger was by injuring his assailant, then he was justified even though he was mistaken as to the existence of such danger.

"Vile or abusive language or verbal threats, no matter how provocative, do not justify an assault.

"In determining whether the defendant had reasonable grounds for an honest belief that he was in immenant [*sic*] danger, you must put yourselves in the position of this defendant, with his characteristics, his knowledge or lack of knowledge, and under the circumstances and conditions that surrounded him at that time.

"You must consider the conduct of John Martin and determine if his acts and words caused the defendant to reasonably and honestly believe that he, the defendant, was about to be killed or to receive great bodily harm.

" * * *

"If you find that the state proved beyond a reasonable doubt all the essential elements of the offense of either felonious assault or aggravated assault, or assault, and that the defendant failed to prove by a preponderance of the evidence the defense of self-defense, your verdict must be guilty."

As defendant contends, the court's instructions conform to the pattern instructions contained in 4 Ohio Jury Instructions (1984), Section 411.31(2). This instruction, applicable by its terms to the use of deadly force in defense

of one's person, is drawn from the syllabus of *State v. Robbins* (1979), 58 Ohio St.2d 74, 12 O.O.3d 84, 388 N.E.2d 755, a homicide case.

By contrast, as this court recognized in *Columbus v. Dawson* (1986), 33 Ohio App.3d 141, 514 N.E.2d 908, 4 Ohio Jury Instructions (1984), Section 411.31(4) states the correct instruction for the use of less than deadly force in defense of one's person. This provision states:

"4. SELF–DEFENSE—LESS THAN DEADLY FORCE. The defendant is justified in using some force in self-defense when he reasonably believes that such conduct is necessary to defend (himself) * * * against the imminent use of unlawful force and if the force used was not likely to cause death or great bodily harm."

There is no requirement that a person retreat, if possible, before using nondeadly force. *Id.* at paragraph two of the syllabus. While it is true that a real or perceived threat of death or great bodily harm is required to justify deadly force in self-defense, such a grave threat is not necessary in cases where less than deadly force is used to repel a feared attack. *Akron v. Dokes* (1986), 31 Ohio App.3d 24, 25, 31 OBR 38, 39, 507 N.E.2d 1158, 1159. Apparently, the trial court was of the opinion that, since defendant was charged with a felony instead of a misdemeanor as in *Dawson*, a deadly force instruction was warranted.

The first assignment of error is well taken.

In the second assignment of error, defendant contends that he proved self-defense as a matter of law. Pursuant to R.C. 2901.05(A), self-defense is an affirmative defense which must be proved by defendant by a preponderance of the evidence. See *State v. Martin* (1986), 21 Ohio St.3d 91, 21 OBR 386, 488 N.E.2d 166, affirmed, *Martin v. Ohio* (1986), 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267; *State v. Nolton* (1969), 19 Ohio St.2d 133, 48 O.O.2d 119, 249 N.E.2d 797.

An appellate court may not reverse a judgment of conviction unless reasonable minds could not fail to find reasonable doubt of the defendant's guilt. *State v. Thomas* (1982), 70 Ohio St.2d 79, 24 O.O.3d 150, 434 N.E.2d 1356. It is fundamental that the weight to be given the evidence and credibility of witnesses are primarily for the trier of fact. *Id.* at 80, 24 O.O.3d at 151, 434 N.E.2d at 1357; *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212. It is the minds of the jurors, and not the appellate court, that are to be convinced. *State v. Petro* (1947), 148 Ohio St. 473, 36 O.O. 152, 76 N.E.2d 355. Accordingly, the test for the sufficiency of the evidence in a criminal appeal is whether reasonable minds can reach different conclusions on the guilt of the accused. *Thomas, supra,* 70 Ohio

St.2d at 80, 24 O.O.3d at 151, 434 N.E.2d at 1357; *State v. Black* (1978), 54 Ohio St.2d 304, 8 O.O.3d 296, 376 N.E.2d 948.

■ Defendant's testimony concerning his fear of attack and the events surrounding the blow was contradicted by Martin's own testimony and other testimony. What happened prior to the blow, for instance, how Martin raised his arms, if he did do this, was material evidence that must be observed and evaluated by the jury. Indeed, the weight of much of the testimony presented rests on the credibility of the witness. These issues are jury questions properly reserved on the evidence presented for the trier of fact.

Defendant's second assignment of error is not well taken.

■ In the third assignment of error, defendant maintains that the trial court erred by restricting the defense counsel's cross-examination of Martin concerning a civil action he filed against Pressley's bar. Defendant contends that the court should have allowed him to inquire about the amount of damages claimed in the civil suit and the witness's belief concerning the effect of a conviction on the success of the civil suit.

Evid.R. 611(B) provides: "Cross-examination shall be permitted on all relevant matters and matters affecting credibility." In *State v. Ferguson* (1983), 5 Ohio St.3d 160, 5 OBR 380, 450 N.E.2d 265, the Supreme Court wrote in paragraph three of the syllabus:

"An accused is permitted to cross-examine the prosecuting witness as to the witness' pending or contemplated civil action against the accused, in order to demonstrate any possible bias or prejudice arising out of the witness' financial interest in the outcome of the prosecution."

Some courts have allowed counsel to conduct a reasonable inquiry beyond the mere fact that a civil action has been filed. Annotation, Right to Cross–Examine Prosecuting Witness as to His Pending or Contemplated Civil Action Against Accused for Damages Arising Out of Same Transaction (1980), 98 A.L.R.3d 1060, Section 4(b). But in this case, the trial court did not abuse its discretion in limiting the inquiry.

The jury was aware of the pendency of the suit and the basic injury suffered by Martin. The defense counsel was permitted to inquire about the witness's knowledge of the action. Martin apparently did not know or understand the details of the suit.

Counsel's question concerning defendant's belief about the effect of the outcome of the criminal case on his civil case also was properly excluded. Defense counsel was able to establish the inference that the witness would stand to gain from a conviction. Given these facts, the trial court did not abuse its discretion in limiting the inquiry.

Defendant's third assignment of error is not well taken.

■ In the fourth assignment of error, defendant asserts that the trial court erred in declaring the state's witness, Michael Shinner, to be a hostile witness.

Shinner, an employee of Pressley's bar, was present on the night in question, but did not see what happened. During the cross-examination of defendant, the prosecution questioned defendant about whether he had asked Shinner to perjure himself. Defendant said that he merely asked Shinner if he had seen anything and, if he did, would he testify for defendant.

The state then called Shinner as a rebuttal witness. But Shinner only testified that defendant asked him to be a witness for him. Hence, the state requested the court to declare Shinner a hostile witness and the trial court did so, over objection. The state then asked him leading questions about the witness's prior statement to the prosecutor regarding the alleged subornation of perjury. Shinner vigorously disputed that he told the prosecutor that defendant asked him to lie on the stand for him.

Evid.R. 607 provides:

"The credibility of a witness may be attacked by any party except that the credibility of a witness may be attacked by the party calling the witness by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage. This exception does not apply to statements admitted pursuant to Rules 801(D)(1)(a), 801(D)(2), or 803."

In *State v. Blair* (1986), 34 Ohio App.3d 6, 9, 516 N.E.2d 240, 243, the court held:

"Surprise is adequately demonstrated if the testimony is materially inconsistent with the prior statement, and counsel did not have reason to believe the witness would change his testimony. *State v. Reed* (1981), 65 Ohio St.2d 117, 19 O.O.3d 311, 418 N.E.2d 1359. The issue of surprise is a factual one. *Id.* The decision as to whether a party is taken by surprise is entrusted to the sound discretion of the trial court. *State v. Diehl* (1981), 67 Ohio St.2d 389, 21 O.O.3d 244, 423 N.E.2d 1112. Affirmative damages occurs if the party's own witness testifies to facts that contradict, deny, or harm that party's trial position. *State v. Stearns* (1982), 7 Ohio App.3d 11, 15, 7 OBR 12, 17, 454 N.E.2d 139, 144."

The state concedes that it made no showing of affirmative damage because Shinner's testimony at trial did not contradict, deny, or harm the prosecution's position at trial. Shinner's testimony at trial merely left the prosecution without favorable testimony, as opposed to actually damaging the prosecution's case. See *State v. Spires* (June 21, 1983), Franklin App. No. 82AP-

1033, unreported, 1983 WL 3577. Nevertheless, the state contends that the error was harmless because the trial court had instructed the jury that questions of counsel are not evidence. However, the state's continued leading questions about what Shinner told the prosecutor implied that Shinner had been persuaded to changed his testimony.

Defendant's fourth assignment of error is well taken.

Defendant's first and fourth assignments of error are sustained, and defendant's second and third assignments of error overruled. The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion and in accordance with law.

*Judgment reversed and cause remanded.*

McCORMAC and CACIOPPO, JJ., concur.

MARY CACIOPPO, J., of the Ninth Appellate District, sitting by assignment.