DECISION AND JUDGMENT ENTRY
Willard Wray appeals his conviction for domestic violence in the Gallipolis Municipal Court and assigns the following errors for our review:
 • "THE TRIAL COURT COMMITTED PREJUDICAL ERROR IN FINDING DEFENDANT-APPELLANT GUILTY OF DOMESTIC VIOLENCE UNDER OHIO REVISED CODE SECTION 2919.25."
 • "THE TRIAL COURT COMMITTED PREJUDICAL ERROR IN ALLOWING THE STATE TO INTRODUCE PHOTOGRAPHS OF ALLEGED INJURIES."
Appellant was arrested and charged with domestic violence under R.C.2919.25 following an altercation with his girlfriend of 5 years, Crystal Thomas (Thomas), with whom he shared a residence at the time. Thomas admitted that she hit appellant while he was talking on the telephone in the second floor bedroom of their residence. An argument ensued between the two, and appellant pushed Thomas onto a bed, sat on her stomach and pinned her arms to her side. From this point, the testimony of the participants diverges. According to Thomas, appellant put his hand over her mouth while she was on the bed, causing her to bite her lip and then become nauseated. Appellant released Thomas when she began to get sick and she vomited in a trashcan located in the bedroom.
The altercation then moved to the first floor of the residence where Thomas attempted to use a telephone to call the appellant's father. Appellant unplugged one of the telephones in the residence in an effort to prevent the call from being made. Thomas and her sister, Pricilla Thomas, then left the residence to walk to a public telephone to call the police department. Appellant followed them and engaged Thomas in a verbal confrontation, while Pricilla Thomas called the police department. After appellant left, Thomas also returned to the residence. Once inside the residence, Thomas claims that the appellant grabbed her arm and bit it in an attempt to get her to go back upstairs with him. Someone took photographs of Thomas's arm following the incident.
In contrast, appellant claims that he never put his hand over Thomas's mouth while holding her down on the bed, and that he did not bite her after she returned to the residence. Rather, appellant claims that Thomas hit him after she returned to the residence and that he grabbed her arm in an effort to restrain her.
Gallipolis police officers arrived on the scene and arrested appellant on the charge of domestic violence. Following a bench trial, the Gallipolis Municipal Court found appellant guilty of domestic violence in violation of R.C. 2919.25. Appellant was ordered to serve 180 days in jail and fined $180.00 in fines, both of which were suspended. Appellant was also ordered to attend a domestic violence program for 18 weeks and pay court costs.
Appellant's argument in his first assignment of error challenges the sufficiency of the evidence to sustain his conviction. Our review of the sufficiency of the evidence focuses on the adequacy of the evidence to support each element of the offense as a matter of law. State v.Thompkins (1997), 78 Ohio St.3d 380, 386. We are required to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Unlike a challenge to the manifest weight of the evidence, we do not consider witness credibility in determining a challenge to the sufficiency of the evidence. See Thompkins, supra. Although a verdict is supported by sufficient evidence, a court of appeals may nevertheless conclude that the verdict is against the manifest weight of the evidence. State v. Banks (1992), 78 Ohio App.3d 206, 214. A sufficiency of the evidence challenge tests whether the state's case is legally adequate to go to a jury in that it contains prima facie evidence of all of the elements of the charged offense. State v. Martin (1983),20 Ohio App.3d 172, 175, and Carter v. Estell (C.A.5, 1982), 691 F.2d 777,778. A weight of the evidence argument merely tests the rational adequacy, i.e., persuasiveness of the evidence. The two tests are distinct, notwithstanding dicta to the contrary in Jenks, supra. SeeThompkins, supra, at 390.
The appellant claims that the state of Ohio failed to establish that he caused or attempted to cause physical harm to Thomas in violation R.C.2919.25(A). The appellant characterizes his actions as a "restraint" upon Thomas, which was in self-defense to prevent her from committing acts of violence upon him. While Thomas's own testimony supports this characterization of the first incident between them, appellant overlooks the fact that there is conflicting evidence about who initiated the second incident.
The confrontation between appellant and Thomas involved two separate altercations, the first occurring in the upstairs bedroom, and the second one downstairs after Thomas returned to the residence. The state needed only to prove the elements of domestic violence in one incident in order to establish the single count charged in this case. With this in mind, we focus on the evidence submitted regarding the second incident, which we find was sufficient to support a conviction of domestic violence, and for which the trial court found that appellant had no valid justification of self-defense.
The domestic violence statute, R.C. 2919.25 states, in part, that:
 No person shall knowingly cause or attempt to cause physical harm to a family or household member.
"Physical harm to persons" is defined as any injury, or other physiological impairment, regardless of its gravity or duration. R.C.2901.01(C). In fact, infliction of significant pain can constitute "physical harm" as defined in R.C. 2901.01(C). State v. Johnson (1989), Greene App. No. 88-CA-83, unreported.
The evidence produced by the prosecution showed that Thomas lived with appellant at the time of the incident; that appellant grabbed Thomas's arm and bit it after she returned to the residence; and that she suffered bruises as a result. This evidence, if believed, could convince a rational trier of fact that the essential elements of domestic violence were proven beyond a reasonable doubt. Accordingly, we find that there was sufficient evidence presented to support appellant's conviction for domestic violence as a matter of law, including a finding that appellant "caused physical harm" to Thomas as that term is defined in R.C.2901.01(C).
Furthermore, the trial court did not err in rejecting appellant's affirmative defense of self-defense since there was some evidence presented to establish that appellant initiated the second violent altercation with Thomas. In Ohio, a defendant is justified in using force in self-defense only if the defendant was not at fault in creating the violent situation. See State v. Thomas (1997), 77 Ohio St.3d 323, 326
(citations omitted). While presenting a weight of the evidence issue rather than one of sufficiency, the trier of fact was free to choose which version of the events proved more credible. Obviously, the trial court chose Thomas's version over that of the appellant. Thomas testified that appellant grabbed her arm and bit it in an effort to get her to go back upstairs. Unlike her admission concerning the first incident in the bedroom, Thomas did not testify that she instigated the second argument after she returned to the residence.
Reviewing appellant's conviction for sufficiency of the evidence, we find that Thomas's testimony, if believed was sufficient to find that appellant — not Thomas — initiated the second violent confrontation. Furthermore, we find that there was some evidence to support the trial court's conclusion that appellant failed to prove all the elements of self-defense. See, e.g., State v. Perez (1991),72 Ohio App.3d 468. Accordingly, the appellant's first assignment of error is overruled.
In his second assignment of error, the appellant challenges admission of photographs of the bruises on Thomas's arm. Appellant claims that the proper foundation was not laid as to who took the photographs, when they were taken, and the chain of evidence.
The admission of photographic evidence is a matter within the sound discretion of the trial court. State v. Awkal (1996), 76 Ohio St.3d 324,333. Thus, we will not reverse a decision to admit photographic evidence unless we find that decision to be an abuse of discretion. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.
(1992), 63 Ohio St.3d 498, 506. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135,138.
The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Evid.R. 901(A), see, also, State v. Aliff (Apr. 12, 2000), Lawrence App. No. 99CA8, unreported. A photograph is authenticated or identified by evidence establishing that it is a fair and accurate representation of that which it is purported to depict. State v. Hill (1967),12 Ohio St.2d 88, 90. When the subject of a photograph is a person, the subject herself, if a competent witness, can provide the requisite foundational testimony. See State v. Baugh (Apr. 22, 1997), Mahoning App. No. 93CA31, unreported, and State v. Johnson (Aug. 7, 1989), Stark App. No. CA-7725, unreported. Furthermore, no chain of evidence is required when admitting photographs because they normally are not susceptible to tampering, alteration or substitution when properly authenticated. See State v. Clark (May 17, 1988), Pike App. No. 408, unreported.
In this case, Thomas testified that the photographs offered into evidence fairly and accurately depicted bruises she received as a result of appellant grabbing her and biting her arm. Thomas's testimony was corroborated by Joe Carter, a Gallipolis police officer, who testified that photographs were taken of bruises on Thomas's arm. Given this evidence, the trial court did not abuse its discretion by admitting the photographs over appellant's objection concerning the proper foundation. The appellant's second assignment of error is overruled.
The trial court's judgment is affirmed.
JUDGMENT AFFIRMED JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Evans, J.: Concur in Judgment and Opinion
 _______________________ William H. Harsha, Judge