JOURNAL ENTRY AND OPINION
Defendant-appellant, Clifford Christian, appeals from the judgment entered following a jury verdict finding him guilty of aggravated murder with a firearm specification. On appeal, defendant urges reversal on the basis of ineffective assistance of counsel for failure to pursue a theory of self-defense and insufficiency of evidence. Having reviewed the record under the applicable standards, we affirm.
The facts of this matter are generally not disputed. On October 17, 2000, defendant drove to the victim's business. Defendant claims he was looking for employment, although the record indicates that the victim had hired and fired the defendant a few days earlier. When defendant arrived, the victim was alone and a physical altercation ensued between the two men. Defendant stated to the police that during this scuffle, the victim restrained him in a headlock at which point defendant grabbed a razor from the floor and sliced the victim's neck to gain his release. Defendant ran to his car, the victim allegedly followed with a large pole and defendant retrieved a smaller metal rod from his car. Deeming his weapon too small, defendant got in his car and drove away from the scene.
After leaving the scene, defendant proceeded to drive around the block, take a gun out of his car's glove compartment, and then return to the victim's place of business allegedly still seeking employment.
Two eyewitnesses testified to observing defendant and the victim engaged in loud conversation in the street. One eyewitness stated that the victim was backing away from the defendant with his hands raised, one empty and the other holding a mechanic's rag. This witness further stated that the victim yelled "Wait a minute, man." The defendant reached towards his waist, pulled out a semiautomatic pistol and shot the victim.
Both witnesses heard two gunshots fired in succession. The first bullet entered the victim's abdomen and the second entered through the back of the victim's head. A forensic pathologist testified that the victim died as a result of the multiple gunshot wounds. Defendant fled in his car and was pursued by East Cleveland police officers. Defendant jumped out of his car and was apprehended on foot by one of the officers. A DNA analyst testified that defendant's clothing recovered on the date of the incident contained blood matching the DNA profile of the victim. Ammunition found in defendant's car matched ammunition found at the crime scene.
On October 18, 2000, defendant gave oral and written statements admitting he shot the victim. Defendant claims that the victim looked like he was reaching for something so he "just raised the gun and there were two shots."
The jury convicted defendant of aggravated murder with a firearm specification and defendant assigns two errors for our review. Assignment of Error I states:
 I. CLIFFORD CHRISTIAN WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY COUNSEL'S DEFECTIVE TACTICS DURING THE TRIAL.
It is well-settled that in order to establish a claim of ineffective assistance of counsel, defendant must show two components: (1) "`that counsel's performance was deficient'"; and (2) "`the defendant must show that the deficient performance prejudiced the defense.'" State v. Kole
(2001), 92 Ohio St.3d 303, 306, quoting Strickland v. Washington (1984),466 U.S. 668, 687. However, appellate review of counsel's performance "must be highly deferential". Id.
This court has previously acknowledged that "[i]n order to show that his lawyers' conduct was unreasonable, he must overcome the presumption that they provided competent representation, and show that their actions were not trial strategies prompted by `reasonable professional judgment.'" State v. Freeman (Dec. 14, 2000), Cuyahoga App. No. 76906, unreported, citing Strickland, supra.
The record does not support defendant's contention that his attorneys rendered ineffective assistance by not pursuing a theory of self-defense. Defendant argues that his attorney raised the issue of self-defense during opening statement and then unreasonably and egregiously abandoned the theory. We do not find this to be the case.
Defendant must prove the affirmative defense of self-defense by a preponderance of the evidence. Freeman, supra, citing State v. Perez
(1991), 72 Ohio App.3d 468, 472. A defendant seeking to establish self-defense must prove the following elements:
 (1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) that the defendant did not violate any duty to retreat or avoid the danger.
State v. Barnes (2002), 94 Ohio St.3d 21, 24, citing State v. Robbins
(1979), 58 Ohio St.2d 74, 12 O.O.3d 84, 388 N.E.2d 755, paragraph two of the syllabus.
Counsel's opening statements merely incorporate the inevitable disclosure of defendant's oral and written statements to the police. In his statements, defendant admitted shooting the victim and mentioned that the victim looked like he was reaching for something. Defendant did not testify at trial. His recorded statements, standing alone, fail to satisfy the requisite elements of a viable self-defense claim. Beyond, the statements given by defendant, there is no other evidence to suggest a scenario of self-defense. In fact, the record evidence, including that articulated by an eyewitness, contradicts the theory of self-defense. The victim was observed backing away from the defendant with both hands raised and unarmed. It is further undisputed that defendant had previously left the scene after a physical altercation with the victim. Defendant voluntarily decided to return minutes later, armed with a gun.
Under the circumstances, defense counsels' decision not to pursue or attempt a self-defense argument fall within reasonable professional judgment and trial strategy. The first assignment of error is overruled.
 II. CHRISTIAN CLIFFORD WAS DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY HIS CONVICTION FOR AGGRAVATED MURDER, BECAUSE THE EVIDENCE ADDUCED AT TRIAL DID NOT PROVE ALL THE ELEMENTS OF THE CRIME CHARGED BEYOND A REASONABLE DOUBT.
Defendant maintains that the State failed to produce sufficient evidence to establish that he acted with prior calculation and design as required for a conviction of aggravated murder. The Supreme Court has established the applicable standard of review as follows:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia
[1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. A review of the record under this standard does not support the defendant's contention.
During trial, defendant moved for acquittal on the same basis that there was insufficient evidence to establish the element of prior calculation and design. (E.g., Tr. 134). In denying this motion, the trial court followed the guidance of State v. Goodwin (1999),84 Ohio St.3d 331. The court found in part as follows:
 [T]here is apparent from the facts in this case that there was some sufficient time and reflection on the part of the defendant in this case to provide his thought process for prior calculation and design based on his own statement or where he states that he got into the car and drove around the block and came back to the scene and shot the victim.
 I think it is important to note that when he drove around the block, his own statement states that he parked on the street, took the gun out of the glove box, put the gun in my waist and put my jacket over the top of it, got out of the car, walked over to the deceased victim. I think that from this evidence this is sufficient to allow prior calculation and design.
(Tr. 319-320).
The above findings are consistent with the evidence in the record and provide sufficient evidence to find prior calculation and design in accordance with Ohio law.
The time frame sufficient for finding prior calculation and design has been addressed in Ohio law. "`Neither the degree of care nor the length of time the offender takes to ponder the crime beforehand are critical factors in themselves,' but `momentary deliberation' is insufficient."Taylor, quoting, Committee Comment to Am.Sub.H.B. No. 511, R.C. 2903.01. The Ohio Supreme Court has repeatedly recognized that "some short-lived emotional situations" can serve as the basis for finding the prior calculation and design element of aggravated murder. State v. Taylor
(1997), 78 Ohio St.3d 15, 22 (where defendant brought gun to the scene and had strained relationship with the victim, "two to three minutes [from time of argument to killing] is more than instantaneous or momentary * * * and is more than sufficient for prior calculation and design") following, State v. Claytor (1991), 61 Ohio St.3d 234,574 N.E.2d 472; State v. Robbins (1979), 58 Ohio St.2d 74, 12 Ohio Op.3d 84, 388 N.E.2d 755; State v. Toth (1977), 52 Ohio St.2d 206, 6 Ohio Op.3d 461, 371 N.E.2d 831.
Construing the evidence in a light most favorable to the prosecution, as we must, a rational trier of fact could have found prior calculation and design, an essential element of aggravated murder, proven beyond a reasonable doubt. This assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and ANNE L. KILBANE, J., CONCUR.