OPINION *Page 2 
{¶ 1} Defendant-appellant Michael Estep appeals his conviction on one count of assault, in violation of R.C. 2903.13, in the Licking County Municipal Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 4, 2006, Appellant was at his place of employment, Matthews Ford Auto Dealership, when Keith Hamilton, a former employee of the dealership, came to look at a vehicle he was interested in purchasing. It is undisputed Appellant and Hamilton did not get along, and there was a lot of animosity between them.
 {¶ 3} At the dealership, Hamilton contacted Ron Baughman, another employee of the dealership, via cell phone and asked him to bring the keys to show him the vehicle.
 {¶ 4} Appellant was inside the building at his desk and Baughman and Hamilton were outside on the lot when Baughman began communicating with another salesman, via Nextel. Appellant overheard their conversation concerning derogatory statements regarding Appellant. During the conversation, Appellant observed Hamilton pointing at Appellant and laughing. Appellant then walked out of the building, onto the lot and approached Hamilton. During the encounter, Appellant pushed Hamilton to the ground.
 {¶ 5} Appellant was subsequently charged with one count of assault, in violation of R.C. 2903.13, a first degree misdemeanor. The matter proceeded to a jury trial, and Appellant was found guilty as charged.
 {¶ 6} Appellant now appeals, assigning as error: *Page 3 
 {¶ 7} "I. WHETHER OR NOT THE TRIAL COURT ABUSED IT'S DISCRETION IN FAILING TO GIVE JURY INSTRUCTIONS REGARDING SELF-DEFENSE."
 {¶ 8} In the sole assignment of error, Appellant argues the trial court abused its discretion in failing to instruct the jury as to self-defense. Specifically, Appellant asserts the evidence introduced at trial demonstrates he was acting in self-defense in pushing Hamilton to the ground; therefore, the jury should have been instructed accordingly.
 {¶ 9} Appellant asserts Hamilton raised his arms aggressively toward him and shouted he owed him money. Then, Appellant maintains he reacted in self-defense by pushing Hamilton to the ground. When Hamilton came back toward Appellant in an aggressive manner again, Appellant again pushed him to the ground claiming self-defense. Appellant cites his statement contained in the police report on the night of the incident, stating: "I then pushed him back and asked him to leave."
 {¶ 10} Generally, a party is entitled to the inclusion of requested jury instructions in the court's charge to the jury "`if they are a correct statement of the law applicable to the facts in the case * * *.'" Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591, quoting Markus Palmer, Trial Handbook for Ohio Lawyers (3 Ed. 1991) 860, Section 36.2. In reviewing a record to decide the presence of sufficient evidence to warrant the giving of a requested instruction, an appellate court should determine whether there is evidence from which reasonable minds might reach the conclusion sought by the instruction. When the evidence submitted by the defendant is insufficient as a matter of law to support the defense, the trial court commits no error in failing to submit the issue to the jury. State v. Shane (1992),63 Ohio St.3d 630. *Page 4 
 {¶ 11} The decision to include a particular jury instruction is a matter within the sound discretion of the trial court. Thus, we will not reverse the trial court's decision absent an abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 12} In Ohio, the affirmative defense of self-defense has three elements: (1) the defendant was not at fault in creating the violent situation, (2) the defendant had a bona fide belief he was in imminent danger of bodily harm and his only means to protect himself from such danger was the use of force, not likely to cause death or bodily harm.State v. Jackson (1986) 22 Ohio St.3d 281; State v. Perez (1991)72 Ohio App.3d 468.
 {¶ 13} Upon review of the record sub judice, the evidence demonstrates Appellant got up from his desk, left the building and approached Hamilton. Accordingly, Appellant did not demonstrate he was not at fault in creating the confrontation. Appellant clearly did not attempt to retreat or avoid the danger. Further, Appellant did not establish a bona fide belief he was in imminent danger. Appellant pushed Hamilton to the ground after Hamilton raised his hands into the air. There was no evidence Hamilton was attempting to cause Appellant physical harm by raising his hands. Further, the evidence demonstrates, while Hamilton was on the ground, Appellant continued to grab and shake him.
 {¶ 14} Appellant testified at trial:
 {¶ 15} "Q. What did you hear? The conversation between Rob and Justin on the two-way, involving Keith? *Page 5 
 {¶ 16} "A. Well, they said that I didn't have the stones to come outside, basically.
 {¶ 17} "Q. Okay, okay. Did you see Mr. Hamilton make any gesture toward you at that time?
 {¶ 18} "A. Well, when I heard the comment "You don't have the stones to come outside", then I did, I had a general idea where they were at, so then I looked down at the lot and seen them there and they were pointing and laughing, seemed like they had a pretty good time at my expense.
 {¶ 19} "Q. Okay, and then what did you do next?
 {¶ 20} "A. I got up out of my desk, walked down there, asked Mr. Hamilton to, basically, because we had had conversations before about money. I did ask him and he said no and I said, "I suggest you leave".
 {¶ 21} "Q. Okay, what did he do at this time? Did he have any, did he do anything?
 {¶ 22} "A. He made the comment, "I don't owe you nothing", or something like that and raised his hands in the air and you know, I didn't know, I just, I did push him after that, okay?
 {¶ 23} "Q. But was it an immediate response when he threw his hands up in front of you?
 {¶ 24} "A. It was just a reaction, you know. I didn't walk down there to do anything. It just was a reaction. I asked him to leave and then from there on, when I pushed him, then some point in time we got together again and I pushed him to the ground. *Page 6 
 {¶ 25} "* * *
 {¶ 26} "A. He, basically started towards me, okay? And then, that's when I think I basically pushed him to the ground the second time.
 {¶ 27} "Q. Okay, and while he was on the ground, did you do anything to him?
 {¶ 28} "A. Well, he went into the fetal, you know, balled up, I grabbed him and shook him a couple times and you know, and basically asked him to leave. I let him go. Desmond was down there and Justin was down there. Then I figured you know, there was no point of anything, so I let it go. I walked off. I figured he'd know I was upset about the circumstances. I left, went back to the showroom, Desmond offered to help him up and basically, that's all I could tell you, because I was leaving, going back."
 {¶ 29} Based upon the foregoing, we find the trial court did not abuse its discretion in not instructing the jury as to self-defense, whereas the evidence presented at trial was insufficient as a matter of law to support the defense. *Page 7 
 {¶ 30} Appellant's sole assignment of error is overruled, and his conviction in the Licking County Municipal Court is affirmed.
 Hoffman, J., Gwin, P.J., and Delaney, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, Appellant's conviction in the Licking County Municipal Court is affirmed. Costs assessed to Appellant. *Page 1