[Cite as *State v. Redding*, 2019-Ohio-5302.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO.  14-19-01

      v.

ANTHONY WAYNE REDDING,           O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 2018-CR-0038

Judgment Affirmed

Date of Decision:   December 23, 2019

APPEARANCES:

    *Allen Vender* for Appellant

    *Courtland Perry* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Anthony W. Redding ("Redding"), appeals the September 18, 2018 judgment entry of sentence of the Union County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This case stems from a February 17, 2018 altercation between Redding and the victim, S.S., during which Redding caused S.S. serious-physical harm by striking her in the face. Prior to the altercation, Redding and S.S. had been in a relationship with each other for three years. Redding alleged that he acted in self-defense. He was previously convicted of felonious assault in 2008.

{¶3} On March 1, 2018, the Union County Grand Jury indicted Redding on one count of felonious assault in violation of R.C. 2903.11(A)(1), (D)(1)(a), a second-degree felony, with a repeat-violent-offender specification under R.C. 2941.149(A). (Doc. No. 2). On March 28, 2018, Redding appeared for arraignment and entered a plea of not guilty. (Doc. No. 7).

{¶4} The case proceeded to a jury trial on September 17, 2018. The jury found Redding guilty of felonious assault on September 18, 2019. (Doc. Nos. 52, 53). That same day, the trial court determined that Redding is a repeat violent offender as alleged by the specification in the indictment. (Doc. No. 54). The trial court sentenced Redding to 8 years in prison on Count One and 10 years in prison

on the repeat-violent-offender specification, and ordered that Redding serve the terms consecutively for an aggregate sentence of 18 years. (*Id.*).

{¶5} After this court granted Redding leave to file a delayed appeal, Redding filed his notice of appeal on January 4, 2019 and raises three assignments of error. (Doc. No. 63). We will begin by addressing his first and second assignments together, followed by his third assignment of error.

### Assignment of Error No. I

**Anthony Redding received ineffective assistance of counsel because his attorney failed to object to inadmissible, irrelevant and prejudicial evidence that Redding had previous arrests. Sixth and Fourteenth Amendments to the United States Constitution; *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 8 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); Evid.R. 401, 403(A) 404(b); Volume I, Tr. 87-88; Volume II, 63, 68-69.**

### Assignment of Error No. II

**Anthony Redding received ineffective assistance of counsel because his attorney failed to object to inadmissible, irrelevant and prejudicial evidence that Redding had scratched profane words into [S.S.'s] door. Sixth and Fourteenth Amendments to the United States Constitution; *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 8 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); Evid.R. 401, 403(A); Volume II, 49-52.**

{¶6} In his first and second assignments of error, Redding argues that his trial counsel was ineffective for failing to object to the admission of evidence of his

prior arrests and an allegation that he vandalized S.S.'s front door with profane language.

*Standard of Review*

{¶7} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland* at 687. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Carter*, 72 Ohio St.3d 545, 558 (1995). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *See State v. Bradley*, 42 Ohio St. 3d 136, 141-42 (1989), quoting *State v. Lytle*, 48 Ohio St.2d 391, 396 (1976), *vacated in part on other grounds*, 438 U.S. 910, 98 S.Ct. 3135 (1978).

{¶8} "Prejudice results when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Liles*, 3d Dist. Allen No. 1-13-04, 2014-Ohio-259, ¶ 48, quoting *Bradley* at 142, citing *Strickland* at 691. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.*, quoting *Bradley* at 142 and citing *Strickland* at 694.

*Analysis*

{¶9} On appeal, Redding argues that his trial counsel was ineffective for failing to object to certain "other acts" evidence that he contends was inadmissible under the Ohio rules of evidence. Specifically, Redding argues that his trial counsel was ineffective for failing to object to testimonial evidence presented by Sergeant Nathan Sachs ("Sergeant Sachs") and Officer Jacob Smith ("Officer Smith") of the Marysville Police Department "suggest[ing] to the jury that [he] had a criminal history." (Appellant's Brief at 6). Redding also argues that his trial counsel was ineffective for failing to object to irrelevant and prejudicial testimonial evidence presented by S.S. that he "allegedly scratched profane and misogynistic words into [her] door * * * ." (*Id.* at 12).

{¶10} "The 'failure to object to error, alone, is not enough to sustain a claim of ineffective assistance of counsel.'" *Liles* at ¶ 49, quoting *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, ¶ 139, citing *State v. Holloway*, 38 Ohio St.3d

239, 244 (1988). "To prevail on such a claim, a defendant must first show that there was a substantial violation of any of defense counsel's essential duties to his client and, second, that he was materially prejudiced by counsel's ineffectiveness." *Holloway* at 244, citing *Lytle*, 48 Ohio St.2d at 396-397 and *Strickland*, 466 U.S. at 668. "Because 'objections tend to disrupt the flow of a trial, and are considered technical and bothersome by the fact-finder,' competent counsel may reasonably hesitate to object in the jury's presence." *State v. Campbell*, 69 Ohio St.3d 38, 53 (1994), quoting Jacobs, *Ohio Evidence*, at iii-iv (1989).

{¶11} "'Generally, evidence which tends to show that the accused has committed other crimes or acts independent of the crime for which he stands trial is not admissible to prove a defendant's character or that the defendant acted in conformity therewith.'" *State v. Wendel*, 3d Dist. Union No. 14-16-08, 2016-Ohio-7915, ¶ 21, quoting *State v. Hawthorne*, 7th Dist. Columbiana No. 04 CO 56, 2005-Ohio-6779, ¶ 24, citing *State v. Elliott*, 91 Ohio App.3d 763, 770 (3d Dist.1993) and Evid.R. 404. "'However, there are exceptions to the general rule: "It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.""'" *State v. Bagley*, 3d Dist. Allen No. 1-13-31, 2014-Ohio-1787, ¶ 56, quoting *State v. May*, 3d Dist. Logan No. 8-11-19, 2012-Ohio-5128, ¶ 69, quoting Evid.R. 404(B). *See also* R.C. 2945.59. "'The list of acceptable reasons for admitting testimony of prior

bad acts into evidence is non-exhaustive.'" *Bagley* at ¶ 56, quoting *State v. Persohn*, 7th Dist. Columbiana No. 11 CO 37, 2012-Ohio-6091, ¶ 23, citing *State v. Melton*, 11th Dist. Lake No. 2009-L-078, 2010-Ohio-1278, ¶ 78, and citing *State v. Faye*, 3d Dist. Wyandot Nos. 16-99-08 and 16-99-09, 2000 WL 566741, *4 (May 4, 2000).

**{¶12}** Evidence of other acts is generally admissible if it is offered for a purpose other than to prove the character of a person in order to show action in conformity with that character; it is relevant when offered for that purpose; and the danger of unfair prejudice does not substantially outweigh its probative value. *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, ¶ 68, citing *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, ¶ 20 and Evid.R. 401, 403, and 404(B). Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. "Under Evid.R. 403(A), '[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.'" *State v. Velez*, 3d Dist. Putnam No. 12-13-10, 2014-Ohio-1788, ¶ 122, quoting *State v. Maag*, 3d Dist. Hancock Nos. 5-03-32 and 5-03-33, 2005-Ohio-3761, ¶ 71. "'Unfair prejudice is that quality of evidence which might result in an improper basis for a jury decision.'" *Id.*, quoting *State v. Calhoun*, 11th Dist. Ashtabula No. 2010-A-0057, 2012-Ohio-1128, ¶ 82.

**{¶13}** Even if we assume without deciding that the criminal-history and door-vandalism evidence was inadmissible, Redding's ineffective-assistance-of-trial-counsel argument fails because there is *no* reasonable probability that, but for the admission of that evidence, he would have been acquitted on the grounds that he acted in self-defense. "'Self-defense is an affirmative defense, which means that the burden of going forward is on the defendant who must prove each element by a preponderance of the evidence.'"[1] *State v. Oates*, 3d Dist. Hardin No. 6-12-19, 2013-Ohio-2609, ¶ 10, quoting *State v. Kimmell*, 3d Dist. Wyandot No. 16-10-06, 2011-Ohio-660, ¶ 19, citing *State v. Densmore*, 3d Dist. Henry No. 7-08-04, 2009-Ohio-6870, ¶ 24 and R.C. 2901.05 (2008) (current version at R.C. 2901.05 (2019)). "Affirmative defenses such as self-defense '"do not seek to negate any elements of the offense which the State is required to prove" but rather they "admit[] the facts claimed by the prosecution and then rel[y] on independent facts or circumstances which the defendant claims exempt him from liability."'" *Id.* at ¶ 10, quoting *State v. Smith*, 3d Dist. Logan No. 8-12-05, 2013-Ohio-746, ¶ 32, quoting *State v. Martin*, 21 Ohio St.3d 91, 94 (1986).

---

[1] Subsequent to Redding's trial, R.C. 2901.05 was amended to require the "the prosecution [to] prove beyond a reasonable doubt that the accused person did not use the force in self-defense, defense of another, or defense of that person's residence, as the case may be." R.C. 2901.05(B)(1) (Mar. 28, 2019). *See State v. Koch*, 2d Dist. Montgomery No. 28000, 2019-Ohio-4099, ¶ 103 (concluding that the defendant was "not entitled to retroactive application of the burden shifting changes by the legislature to Ohio's self-defense statute, R.C. 2901.05, as a result of H.B. 228"). *See also State v. Crowe*, 3d Dist. Allen No. 1-19-12, 2019-Ohio-3986, ¶ 15, fn. 1.

{¶14} "The elements of self-defense differ depending on whether the defendant used deadly or non-deadly force to defend himself." *Bagley*, 2014-Ohio-1787, at ¶ 15, citing *Densmore* at ¶ 25. "Deadly force is "'any force that carries a substantial risk that it will proximately result in the death of any person."'" *Id.*, quoting *Densmore* at ¶ 28, quoting R.C. 2901.01(A)(2) (2017) (current version at R.C. 2901.01(A)(2) (2019)). A "substantial risk" is "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(8) (2017) (current version at R.C. 2901.01(A)(8) (2019)).

> To establish self-defense through the use of deadly force, an accused must prove: "(1) the accused was not at fault in creating the situation giving rise to the affray; (2) the accused had a bona fide belief that he or she was in imminent danger of death or great bodily harm and that the only means of escape from such danger was in the use of force; and (3) the accused must not have violated any duty to retreat or to avoid the danger."

*Bagley* at ¶ 16, quoting *State v. Thacker*, 3d Dist. Marion No. 9-03-37, 2004-Ohio-1047, ¶ 14, citing *State v. Williford*, 49 Ohio St.3d 247, 249 (1990) and *State v. Robbins*, 58 Ohio St.2d 74 (1979), paragraph two of the syllabus.

{¶15} By contrast, to establish self-defense through the use of non-deadly force, an accused must prove: (1) the accused was not at fault in creating the situation giving rise to the affray, (2) the accused (even if mistaken) had a bona fide belief that he was in imminent danger of any bodily harm; and (3) the only means

to protect himself from such danger was the use of force not likely to cause death or great bodily harm. *Accord State v. Vu*, 10th Dist. Franklin No. 09AP-606, 2010-Ohio-4019, ¶ 10; *State v. Juntunen*, 10th Dist. Franklin No. 09AP-1108, 2010-Ohio-5625, ¶ 21; *Ohio Jury Instructions*, CR Section 421.21 (Rev. Aug. 16, 2006). *See In re J.J.*, 5th Dist. Licking No. 16 CA 44, 2016-Ohio-8567, ¶ 14; *State v. Koch*, 2d Dist. Montgomery No. 28000, 2019-Ohio-4099, ¶ 62; *State. v. Jeffers*, 11th Dist. Lake No. 2007-L-011, 2008-Ohio-1894, ¶ 81. *See also State v. Wagner*, 3d Dist. Seneca No. 13-15-18, 2015-Ohio-5183, ¶ 10. "In instances where less than deadly force is used, the defendant need only show a fear of bodily harm, not of death or great bodily harm." *State v. Brown*, 2d Dist. Montgomery No. 27312, 2017-Ohio-7424, ¶ 24, citing *State v. Gee*, 2d Dist. Miami No. 87-CA-22, 1987 WL 20260, *2 (Nov. 17, 1987) and *State v. Perez*, 72 Ohio App.3d 468, 472 (10th Dist.1991).

> Both versions of self-defense, however, use the term "great bodily harm": self-defense involving deadly force uses the term to describe the level of harm the defendant must perceive before he or she is justified in using deadly force, while self-defense with non-deadly force uses the term to describe the level of force a defendant may not apply.

*Juntunen* at ¶ 23. *See Jeffers* at ¶ 68. Likewise, there is no duty to retreat in cases involving non-deadly force. *Brown* at ¶ 25, citing *State v. Kucharski*, 2d Dist. Montgomery No. 20815, 2005-Ohio-6541, ¶ 21, citing *Perez* at 472.

{¶16} Moreover, Ohio's "castle doctrine" creates an exception to the duty to retreat and provides, in its relevant part, that "a person who lawfully is in that

person's residence has no duty to retreat before using force in self-defense, defense of another, or defense of that person's residence." *Brown* at ¶ 25, citing R.C. 2901.09(B). The legislature extended the castle doctrine under R.C. 2901.05. *State v. Kean*, 10th Dist. Franklin No. 17AP-427, 2019-Ohio-1171, ¶ 46, *citing State v. Carosiello*, 7th Dist. Columbiana No. 15 CO 0017, 2017-Ohio-8160, ¶ 17. R.C. 2901.05—the statutory presumption of self-defense—provides

> that a defendant is entitled to a presumption of self-defense if the evidence shows that the defendant used defensive force against another person who was "in the process of unlawfully and without privilege to do so entering, or ha[d] unlawfully and without privilege to do so entered" the defendant's residence.

*State v. Dale*, 2d Dist. Montgomery No. 2012 CA 20, 2013-Ohio-2229, ¶ 17, quoting R.C. 2901.05(B)(1) (2008) (current version at R.C. 2901.05(B)(2) (2019)). "This is a rebuttable presumption and may be rebutted by a preponderance of the evidence that the victim had a right to be in the residence or the defendant was unlawfully in the residence." *Id.*, citing *State v. Lewis*, 8th Dist. Cuyahoga No. 97211, 2012-Ohio-3684, ¶ 13, *State v. Barnette*, 12th Dist. Butler No. CA2012-05-099, 2013-Ohio-990, ¶ 57, and R.C. 2901.05(B)(2), (3) (2008) (current version at R.C. 2901.05(B)(3), (4) (2019)).

{¶17} "'The difference between the Castle Doctrine and the rebuttable presumption of self-defense lies in the legal status of the victim.'" *Id.* at ¶ 18, quoting *State v. Lewis*, 8th Dist. Cuyahoga No. 97211, 2012-Ohio-3684, ¶ 18.

Specifically, if the victim is lawfully in a residence at the time the defendant used deadly force, that defendant is not entitled to the statutory presumption of self-defense. *Id.*, citing *Lewis* at ¶ 19 and R.C. 2901.05(B)(1), (2) (2008) (current version at R.C. 2901.05(B)(2), (3) (2019)). However, in those circumstances, the defendant is entitled to a castle-doctrine instruction—if that defendant is lawfully occupying the residence at the time he or she used the force. *State v. Whitman*, 5th Dist. Stark No. 2017CA00079, 2018-Ohio-2924, ¶ 57, citing *Lewis* at ¶ 17-19 and *State v. Bushner*, 9th Dist. Summit No. 26532, 2012-Ohio-5996, ¶ 16. "Under such circumstances, the defendant need only establish the two remaining elements of a valid self-defense claim by a preponderance of the evidence * * * ." *Brown* at ¶ 25, citing *Dale* at ¶ 18 and *State v. Johnson*, 11th Dist. Lake No. 2005-L-03, 2006-Ohio-2380, ¶ 21.

{¶18} Because the elements of self-defense are cumulative, a defendant fails to demonstrate that he or she acted in self-defense if he fails to prove any one of the applicable elements by a preponderance of the evidence. *Bagley*, 2014-Ohio-1787, at ¶ 16, citing *Thacker*, 2004-Ohio-1047, at ¶ 14, citing *State v. Jackson*, 22 Ohio St.3d 281, 284 (1986).

{¶19} In this case, Redding was convicted of felonious assault in violation of R.C. 2903.11(A)(1), which required the trier of fact to find that he knowingly caused S.S. serious physical harm. *See Jeffers*, 2008-Ohio-1894, at ¶ 81, citing R.C.

2903.11(A)(1). Indeed, at trial, Redding did not dispute that he struck S.S. in her face one time, resulting in the loss of her left eye. (*See* Sept. 17, 2018 Tr., Vol. I, at 63); (Sept. 17, 2018 Tr., Vol. II, at 107); (Appellant's Brief at 1-2). Thus, to succeed on a defense of self-defense, Redding was required to prove that he acted in self-defense through the use of *non-deadly* force because "[a] single punch, standing alone, may *not* constitute deadly force." (Emphasis added.) *Jeffers* at ¶ 81, citing *Perez*, 72 Ohio App.3d at 470-472. *See State v. Davis*, 10th Dist. Franklin No. 17AP-438, 2018-Ohio-58, ¶ 25, citing *State v. Triplett*, 192 Ohio App.3d 600, 2011-Ohio-816, ¶ 14 (8th Dist.), *State v. Mendoza,* 10th Dist. Franklin No. 16AP-893, 2017-Ohio-8977, ¶ 91-94, *Perez* at 470, *State v. Palmer*, 10th Dist. Franklin No. 12AP-460, 2013-Ohio-5970, ¶15, and *Struthers v. Williams*, 7th Dist. Mahoning No. 07 MA 55, 2008-Ohio-6637, ¶ 14-16. *See also In re J.J.*, 2016-Ohio-8567, at ¶ 14-16.

{¶20} Importantly, Redding cannot demonstrate that he was materially prejudiced by the admission of *any* evidence because there is no reasonable probability that, but for the admission of that evidence, the result of his trial would have been different. That is, Redding cannot demonstrate that he would have been acquitted on the grounds that he acted in self-defense. Specifically, for Redding to succeed on a defense of self-defense through the use of non-deadly force, the trier of fact would have to find that Redding "'was justified in using force not likely to

cause death or *great bodily harm.*'" (Emphasis added.) *Jeffers* at ¶ 81, quoting *Ohio Jury Instructions*, CR Section 411.33 (Rev. Aug. 16, 2006) (current version at *Ohio Jury Instructions*, CR Section 421.21 (Rev. Aug. 16, 2006)). Although the term "great bodily harm" is not statutorily defined, Ohio courts of appeal have concluded that the term is substantially similar to "serious physical harm," which is statutorily defined. *See In re J.J.* at ¶ 15, citing *Juntunen*, 2010-Ohio-5625, at ¶ 22, *Jeffers* at ¶ 81, and *State v. Herrera*, 6th Dist. Ottawa No. OT-05-039, 2006-Ohio-3053, ¶ 53; R.C. 2901.01(A)(5) (2017) (current version at R.C. 2901.01(A)(5) (2019)). *See also State v. Bennett*, 2d Dist. Montgomery No. 27943, 2019-Ohio-2996, ¶ 48, fn. 6 (Froelich, J., dissenting).

{¶21} Accordingly, if the jury were to find that the force used by Redding was not likely to cause great bodily harm, that finding would be inconsistent with its prior determination that Redding knowingly caused S.S. serious physical harm. *See Jeffers* at ¶ 81; *Triplett* at ¶ 17, fn. 3 (Rocco, P.J., concurring in part and dissenting in part). Therefore, there is no reasonable probability that Redding would have been able to prove that he acted in self-defense through the use of non-deadly force because he is unable to prove that he used force *not* likely to cause death or great bodily harm. *See In re J.J.* at ¶ 14-16 (concluding that a defendant fails to carry his burden of proving that he acted in self-defense through the use of non-deadly force if he caused the victim serious physical harm). *See also Mendoza* at ¶

91-94. Consequently, Redding's ineffective-assistance-of-counsel argument is without merit, and his first and second assignments of error are overruled.

**Assignment of Error No. III**

**The cumulative effects of Anthony Redding's first two assignments of error denied him a fair trial. State v. Miller, 122 Ohio App.3d 111, 701 N.E.2d 390 (3d Dist.1997); Stave v. DeMarco, 31 Ohio ST.3d 191, 509 N.E.2d 1256 (1987); Sixth and Fourteenth Amendments to the United States Constitution; Article I, Sections 10 and 16 of the Ohio Constitution; *Strickland v. Washington*, 466 U.S., 104 S.Ct. 2052, 8 L.Ed.2d 674 (1984).**

{¶22} In his third assignment of error, Redding argues that the cumulative effect of the trial court's errors denied him a fair trial. Specifically, Redding argues that the cumulative effect of the errors that he alleged in his first and second assignments of error deprived him of a fair trial.

*Standard of Review*

{¶23} "Under [the] doctrine of cumulative error, a conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of a fair trial even though each of the numerous instances of trial court error does not individually constitute cause for reversal." *State v. Spencer*, 3d Dist. Marion No. 9-13-50, 2015-Ohio-52, ¶ 83, citing *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, ¶ 222-224 and *State v. Garner*, 74 Ohio St.3d 49, 64 (1995). "To find cumulative error, a court must first find multiple errors committed at trial and determine that there is a reasonable probability that the outcome below would have

-15-

been different but for the combination of the harmless errors." *State v. Stober*, 3d Dist. Putnam No. 12-13-13, 2014-Ohio-5629, ¶ 15, quoting *In re J.M.*, 3d. Dist. Putnam No. 12-11-06, 2012-Ohio-1467, ¶ 36.

*Analysis*

{¶24} Because we found no error as alleged by Redding in his first or second assignments of error, the doctrine of cumulative error does not apply. *State v. Bertuzzi*, 3d Dist. Marion No. 9-13-12, 2014-Ohio-5093, ¶ 110.

{¶25} Redding's third assignment of error is overruled.

{¶26} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**