The STATE of Ohio, Appellee,

v.

TRIPLETT, Appellant.

[Cite as *State v. Triplett*, 192 Ohio App.3d 600, 2011-Ohio-816.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 94102.

Decided Feb. 24, 2011.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Richard J. Bombik and Robert Botnick, Assistant Prosecuting Attorneys, for appellee.

Paul Mancino Jr.; Summers & Baker Co., L.P.A. and William L. Summers; and Aaron T. Baker Co., L.P.A., and Aaron T. Baker, for appellant.

---

PATRICIA ANN BLACKMON, Presiding Judge.

{¶ 1} Appellant, Walter Triplett, appeals his conviction and sentence for felonious assault with a repeat-violent-offender specification and assigns 13 errors for our review.[1]

{¶ 2} Having reviewed the record and pertinent law, we find plain error because the trial court commingled the jury instructions regarding the concepts of self-defense, defense of another, and duty to retreat, and failed to explain the duty to retreat. We also conclude that the trial court erred by not instructing the jury on the use of nondeadly force. Consequently, we reverse the decision of the trial court and remand for a new trial.

## Procedural History

{¶ 3} Triplett was charged with involuntary manslaughter and felonious assault in a two-count indictment filed May 12, 2009. Each charge carried a notice of prior conviction and a repeat-violent-offender specification. Triplett waived a jury trial on the notices of prior conviction and repeat-violent-offender specifications, and the case proceeded to a jury trial on the involuntary-manslaughter and felonious-assault charges. At the conclusion of the trial, the jury found Triplett guilty of felonious assault but was unable to reach an agreement on the involuntary-manslaughter charge. The court found Triplett guilty of the notice of prior conviction and repeat-violent-offender specification relating to the felonious-assault charge. The court sentenced him to eight years' imprisonment followed by a consecutive term of ten years of imprisonment on the repeat-violent-offender specification, postrelease control for a period of three years, a $250 fine, and costs. The state subsequently dismissed the involuntary-manslaughter charge without prejudice.

{¶ 4} The evidence at trial showed that Triplett punched the victim, Michael Corrado, once, and that Corrado suffered a head injury and died later that day. Triplett claimed that he acted in defense of his twin sister.

### Law and Analysis

{¶ 5} We address Triplett's fourth and sixth assigned errors first because if these errors are sustained, reversal of Triplett's conviction without retrial should occur.

---

1. See appendix.

■ {¶ 6} Triplett's fourth assigned error contends that he was deprived of a speedy trial. The Ohio Supreme Court has held that a defendant's "failure to file a motion to dismiss on speedy trial grounds prior to trial and pursuant to R.C. 2945.73(B) prevents him from raising the issue on appeal." *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 37. Triplett did not file a motion to dismiss based on a speedy-trial violation or otherwise bring this issue to the attention of the trial court; therefore, he is precluded from arguing this issue on appeal. Accordingly, Triplett's fourth assigned error is overruled.

■ {¶ 7} In his sixth assigned error, Triplett contends that the evidence was insufficient to support his conviction. However, his argument does not address the sufficiency of the evidence to support the state's case. Triplett argues that he struck the victim in order to defend his sister. Defense of another is an affirmative defense on which the defendant, not the state, bears the burden of proof. R.C. 2901.05(A). Therefore, Triplett has not demonstrated that the evidence was insufficient to support the verdict. *State v. Johnson*, 10th Dist. No. 06AP–878, 2007-Ohio-2792, 2007 WL 1640667, ¶ 30–31. Accordingly, we overrule the sixth assigned error to the extent that it asserts that the evidence was insufficient to support the conviction.[2]

{¶ 8} Triplett's first two assigned errors challenge the court's instructions regarding the defense of another. The court's instructions on this affirmative defense state, in their entirety:

> The defendant claims to have acted in self-defense of [his sister] Waltonya Triplett. The defendant has no greater rights than Waltonya Triplett and was justified in using deadly force only if A, Waltonya Triplett was not at fault in creating the situation giving rise to the contact with Michael Corrado which resulted in his death, and had no duty to retreat—I'm sorry, you want me to read that again because I'm making too many mistakes?

> A, Waltonya Triplett was not at fault in creating the situation giving rise to the contact with Michael Corrado which resulted in his death, and had no duty to retreat; and B, the defendant had reasonable grounds to believe in an honest belief, even if mistaken, that Waltonya Triplett was in immediate danger of death or great bodily harm, and that the only means of protecting her was by the use of deadly force.

---

2. The sixth assignment of error also asserts that Triplett's conviction contravened the manifest weight of the evidence. This assertion could not result in the outright reversal of Triplett's conviction; at best, reversal based on the weight of the evidence would result in a new trial. This issue is rendered moot by our determination to reverse this case and remand for a new trial.

Words alone do not justify the use of deadly force. Result to such force is not justified by abusive language, verbal threats, or other words, no matter how provocative.

In deciding whether the defendant had reasonable grounds to believe in an honest belief that he was in immediate danger of death or great bodily harm, you must put yourselves in the position of the defendant with his characteristics, his knowledge, or lack of knowledge, and under the circumstances and conditions that surrounded him at the time.

You must consider the conduct of Michael Corrado and determine if his acts and words caused the defendant reasonably and honestly to believe that he was about to be killed or to receive great bodily harm.

In deciding whether the defendant had reasonable grounds to believe an honest belief that Waltonya Triplett was in immediate danger of death or great bodily harm, you must put yourselves in the position of the defendant with his characteristics, his knowledge or lack of knowledge and under the circumstances and conditions that surrounded him at the time.

You must consider the conduct of Michael Corrado and determine if his acts and words caused the defendant reasonably and honestly to believe that Waltonya Triplett was about to be killed or to receive great bodily harm.

If the defendant used more force than reasonably necessary, and if the force used was so greatly disproportionate to his apparent danger, then the defense of defense of another is not available.

If you find that the government proved beyond a reasonable doubt all the essential elements of the offense of involuntary manslaughter and/or felonious assault and that the defendant failed to prove by a preponderance of the evidence the defense of defense of another, your verdict must be guilty of that offense.

If you find that the government failed to prove beyond a reasonable doubt any one of the essential elements of the offense of involuntary manslaughter and/or felonious assault, or if you find that the defendant proved by a preponderance of the evidence the defense of another, then you must find the defendant not guilty of that offense.

{¶ 9} In reading the above instruction, it is clear that the court commingled the concepts of self-defense and defense of another. Triplett claimed only that he had acted in defense of his sister. It was confusing for the court to instruct the jury to consider whether Triplett believed that he was in danger. Indeed, the fourth and fifth paragraphs of the instruction quoted above are applicable only to self-defense, and the eighth paragraph commingled the two concepts.

{¶ 10} The court instructed the jury that in order to conclude that Triplett acted in defense of his sister, the jurors had to find that Triplett's sister did not violate any duty to retreat; however, the court never instructed the jury about the concept of the duty to retreat. Furthermore, the court did not explain Triplett's burden of proof on the affirmative defense. The court ultimately did instruct the jury that it could find Triplett not guilty if Triplett proved "by a preponderance of the evidence" that he acted in defense of his sister, but the court never explained what this burden of proof required or how it differed from the state's burden.

{¶ 11} Triplett did not object to the jury instructions on these grounds. Pursuant to Crim.R. 52(B), this court may, in the absence of objection, notice plain errors or defects that affect a substantial right. To rise to the level of plain error, the alleged error must have substantially affected the outcome of the trial. *State v. Barnes* (2002), 94 Ohio St.3d 21, 759 N.E.2d 1240; *State v. Sutton*, Cuyahoga App. No. 90172, 2008-Ohio-3677, 2008 WL 2833644. "Given the fundamental nature and importance of the distinction between the state's burden of proof (beyond a reasonable doubt) and the defendant's ([lesser] preponderance [burden]), we cannot say with any sense of confidence that this omission did not affect the outcome of the trial." *State v. Cooper*, 170 Ohio App.3d 418, 2007-Ohio-1186, 867 N.E.2d 493, ¶ 35. Our lack of confidence in the verdict is only compounded by the absence of an instruction about the duty to retreat and the unnecessary instruction on self-defense.

{¶ 12} We now address Triplett's objection to the trial court's failure to instruct on the use of nondeadly force. The record shows that the trial court was concerned that the victim had died and felt that it was incorrect to instruct on nondeadly force. However, a failure to instruct on nondeadly force when the death is the result of one punch places the focus on the death and not the force used (one punch).

{¶ 13} The Eleventh District in *State v. Jeffers*, 11th Dist. No. 2007–L–011, 2008-Ohio-1894, 2008 WL 1777846, had the same concern regarding the instruction when a death had occurred. The *Jeffers* court focused on the fact that the defendant punched the victim seven to ten times and concluded that the resulting death equated to great bodily harm. The *Jeffers* court admitted that the instruction might be different if the death was the result of only one punch. See also *State v. Perez* (1991), 72 Ohio App.3d 468, 594 N.E.2d 1041. Nevertheless, it found the failure to instruct on nondeadly force harmless error in light of the number of forceful blows inflicted on the victim.

{¶ 14} We decline to find harmless error in this case. The ultimate result of death is not the proper focal point when determining whether to instruct

on nondeadly force. See *State v. Jackson* (Dec. 14, 2000), 10th Dist. No. 00AP–444, and *State v. Gee* (Nov. 17, 1987), 2d Dist. No. 87–CA–22, 1987 WL 20260. When "there is sufficient evidence on the issue of self-defense involving nondeadly force * * * the trial court must instruct the jury on that defense." *State v. Griffin*, 2d Dist. No. 20681, 2005-Ohio-3698, 2005 WL 1704917; see also *State v. Ervin* (1991), 75 Ohio App.3d 275, 279, 599 N.E.2d 366. In this case, the appropriate instruction would be the defense of another using nondeadly force. We do not agree that one punch, even when a death occurs, is comparable to deadly force. In *State v. Pannetti* (Sept. 3, 1998), Cuyahoga App. No. 73044, 1998 WL 564007, we held that the "serious harm" required for felonious assault does not equal "deadly force." In so doing, we relied on the definition of deadly force set forth in R.C. 2901.01(A)(2) as "any force that carries a substantial risk that it will proximately result in the death of any person." We ultimately concluded that knowingly causing serious harm does not automatically equate to deadly force.

{¶ 15} Likewise, in *State v. Durham* (Sept. 28, 2006), Cuyahoga App. No. 87391, 2006-Ohio-5015, 2006 WL 2776962, we held that punching to protect oneself from less than impending death or great bodily harm does not equate to deadly harm. We held that "[t]o hold otherwise would mean that one could not legally defend oneself against a less serious assault." In *State v. Allen* (Nov. 30, 2000), Cuyahoga App. No. 76672, 2000 WL 1753416, we also found, in a felonious-assault case, that one punch was not equal to "deadly force." However, in *Allen*, we concluded that the jury instruction was adequate to instruct on nondeadly force. We appreciate that many of the cases cited involve self-defense; however, they apply equally to the defense of another.

{¶ 16} In conclusion, the facts of the case should dictate whether the nondeadly-force instruction is required. In this case, Triplett's single punch caused the victim to fall, hit his head, and die. As tragic as this was, even some of the jurors believed that there was no intent to kill; consequently, on remand the trial court should give the instruction on nondeadly force as well as the appropriate instructions on defense of another, burden of proof, and duty to retreat. Therefore, we reverse and remand for a new trial.

Judgment reversed
and cause remanded.

BOYLE, J., concurs.

ROCCO, P.J., concurs in part and dissents in part.

KENNETH A. ROCCO, Presiding Judge, concurring in part and dissenting in part.

{¶ 17} I concur in the majority opinion that this case should be remanded for a new trial. Nevertheless, I dissent from the majority's disposition of the appellant's objection to the trial court's failure to instruct the jury on the use of nondeadly force in defense of another. The appellant complains that the court erred by failing to give this alternative instruction. I agree with the trial court that only the deadly-force instruction was justified. The Eleventh District's analysis of this issue is persuasive:

In order for the jury to determine that [appellant] was guilty of felonious assault, it had to come to the conclusion that he knowingly caused serious physical harm to another. R.C. 2903.11(A)(1). In order for [appellant] to have succeeded on the nondeadly force version of self-defense, had the definition been given, the jury would have had to find that [appellant] "was justified in using force not likely to cause death or great bodily harm." 4 Ohio Jury Instructions (2006), Section 411.33. * * * If the terms "serious physical harm" and "great bodily harm" do not have identical definitions, their definitions are substantially similar. Thus, if the jury were to find that the force used by [appellant] was not likely to cause great bodily harm, that finding would have been inconsistent with its prior determination that [appellant] was aware his conduct would probably cause serious physical harm.

*State v. Jeffers*, Lake App. No. 2007–L–011, 2008-Ohio-1894, 2008 WL 1777846, ¶ 81. Consequently, I find that the trial court did not err by failing to instruct the jury about the use of nondeadly force in defense of another.[3]

## APPENDIX

### Assignments of Error

{¶ 18} "I. Defendant was denied due process of law when the court incorrectly informed the jury concerning self-defense and defense of others.

{¶ 19} "II. Defendant was denied due process of law when the court gave confusing and conflicting instructions concerning the defense of others and failed to define the preponderance of evidence.

{¶ 20} "III. Defendant was denied due process of law when the court instructed the jury on the ambiguous and unproven concept of flight.

---

3. I recognize that this conclusion conflicts with our decision in *State v. Pannetti* (Sept. 3, 1998), Cuyahoga App. No. 73044, 1998 WL 564007. However, the decision in *Pannetti* did not consider that an offender could not knowingly cause serious physical harm (establishing felonious assault) by using force that was "not likely to cause death or great bodily harm." Therefore, I find the rationale of *Jeffers* to be more persuasive than *Pannetti* in the context of a felonious assault charge. The result might be otherwise in a case of a simple assault. See, e.g., *State v. Perez* (1991), 72 Ohio App.3d 468, 472, 594 N.E.2d 1041.

APPENDIX—Continued

{¶ 21} "IV. Defendant was denied his right to a speedy trial.

{¶ 22} "V. Defendant was denied a fair trial by reason of improper prosecutorial argument.

{¶ 23} "VI. Defendant was denied due process of law when the court overruled his motions for judgment of acquittal and the verdict is contrary to the manifest weight of the evidence.

{¶ 24} "VII. Defendant was denied due process of law when the court immediately after receipt of the verdict found defendant guilty of a repeat violent offender specification without evidence being offered or argument by counsel.

{¶ 25} "VIII. Defendant was denied due process of law when he was sentenced as a repeat violent offender.

{¶ 26} "IX. Defendant was denied due process of law when the court based its determination on the repeat violent offender specification on claims neither alleged nor proven.

{¶ 27} "X. Defendant was denied due process of law when he was convicted and sentenced under an unconstitutional repeat violent offender specification.

{¶ 28} "XI. Defendant was unconstitutionally sentenced as a repeat violent offender by reason of *Ex Post Facto* legislation criminalizing past conduct.

{¶ 29} "XII. Defendant was unconstitutionally subjected to multiple punishments in violation of the Ohio and Federal Constitutions.

{¶ 30} "XIII. Defendant was denied effective assistance of counsel."