[Cite as *State v. McDuffie*, 2014-Ohio-4924.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100826**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**MAURICE McDUFFIE**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-567263-A

**BEFORE:** Celebrezze, J., Boyle, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** November 6, 2014

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Justin P. Rudin
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, Maurice McDuffie, brings this appeal from his felonious assault conviction for causing serious physical harm to his brother's girlfriend, Angela Webb. He argues that the trial court erred when instructing the jury and that trial counsel was ineffective. After a thorough review of the record and law, we affirm.

## I. Factual and Procedural History

{¶2} On August 24, 2012, members of the McDuffie family and numerous friends gathered together for the funeral of a family member. After the funeral, a smaller group of people congregated at the home of Elaine McDuffie for further commiseration described as a repass. Approximately 15 people were in attendance. An argument occurred between several family members. Testimony established that the police were called and arrived on scene to break up a fight that had spilled out onto the porch and front yard.

{¶3} Angela Webb testified that her boyfriend, now fiancé, Jeremy McDuffie, was arguing with appellant when the police arrived. Also, appellant's mother, Mattie McDuffie, was arguing with Elaine. According to Angela, Jeremy began arguing with officers and was in danger of being tased. She, the most sober of the group, asked the officers if she could gather her group in her car and leave to avoid any arrests. In lieu of arresting a number of individuals, the officers allowed her to gather her group immediately and leave. She secured Mattie, appellant, Jeremy, and Mattie's daughter, Tieisha Mitchell, in her car and drove away to take the occupants to their respective homes in Euclid, Ohio.

{¶4} Within a few moments of leaving, arguments erupted anew in the vehicle. Angela testified that she did not travel more than a mile before Mattie reached up from the back seat and pushed Angela's arm, causing the car to swerve. When Angela began yelling at Mattie,

appellant said that "Jeremy needs to control his 'bitch.'" It was at this point that Angela made an immediate left-hand turn and stopped the car at the side of the road. She demanded that Mattie and appellant exit the vehicle. Mattie, seated closest to the rear passenger side door, could not open it because Angela had earlier engaged the child-safety locks. Angela exited the vehicle to open the door for Mattie and appellant, who was seated between Mattie and Tieisha.

{¶5} Angela testified that Mattie exited the car swinging. According to Angela, Mattie had removed her shoes and was using them as weapons trying to hit Angela. Angela attempted to secure Mattie's wrists so as not to get hit with the shoes. The two ended up on the ground exchanging blows. Angela testified that initially, appellant was fighting with Jeremy. As Angela was on her knees above Mattie punching at her while Mattie was punching back, appellant came over, grabbed Angela by the hair, and punched her in the face. Angela fell to the ground as a result of the blow. Appellant proceeded to kick Angela several times, including once in the face. As a result of this kick, Angela sustained an approximately one-inch gash on her chin that required several stitches to close. The wound resulted in permanent scarring.

{¶6} When a passing motorist stopped to intervene, appellant, Tieisha, and Mattie walked off. Jeremy helped Angela into the car and drove back to Elaine's house to call the police.

{¶7} The events of that day, as testified to by Angela, differ in several respects according to the testimony of Mattie and Tieisha. Mattie testified that a verbal dispute arose at Elaine's house involving her, Elaine, Elaine's husband Willie, and appellant. She said the neighbors called the police because of the loud nature of the argument. Once the police arrived, Angela, who was obviously intoxicated, shoved Mattie into her car as Mattie was talking to the police and defusing the situation. Jeremy was already in the front seat of the car asleep. Appellant and Tieisha also got into the car at Angela's insistence, and Angela drove off. According to Mattie,

she was lighting a cigarette in the car when Angela told her to put it out. Mattie responded that it was Jeremy's car. Angela pulled the car over and ordered Mattie out.

{¶8} On exiting the car, the two exchanged words, and Angela said "I've been waiting on this" and punched Mattie. The two began to fight and ended up on the ground. The fight was broken up by appellant when he grabbed Angela by the shoulders and separated the two combatants. Mattie said she grabbed Angela by the hair and pulled her to the ground. She possibly kicked her. The fight was again broken up, and Mattie, appellant, and Tieisha walked away. Angela was not bleeding at that time, and there was no cut on her face. Mattie testified that appellant never punched or kicked Angela.

{¶9} Tieisha testified that after the police arrived at Elaine's house, the five of them left in Angela's car. Mattie was talking to herself in the back seat, and Angela was acting crazy and hysterical. Angela became offended by something Mattie said and pulled the car over. Angela ordered Mattie out of the car. Angela had to physically open the door for Mattie because the child locks for the back door were engaged. When Mattie stepped out of the car, Angela said, "I've been waiting on this" and punched Mattie. The two began to fight, and both ended up on the ground exchanging punches. Appellant tried to break up the fight. Tieisha did not see appellant punch or kick Angela while she and Mattie were fighting. Tieisha testified she did see appellant kick Angela in the legs as she was getting back into her car after the fight.

{¶10} Appellant's attorney asked the judge to instruct the jury on the defense of others. The judge acknowledged that the instruction was not warranted based on the evidence, but would give it anyway because the defendant asked for it. After closing arguments and instructions, the jury found appellant guilty of felonious assault. The judge imposed an eight-year prison sentence. Appellant appealed, raising three assignments of error:

I. The trial court erred in giving an erroneous and incomplete instruction to the jury on defense of others.

II. The trial court erred in refusing to instruct the jury on the inferior offense of aggravated assault.

III. The defendant was denied his right to the effective assistance of counsel, to the prejudice of the defendant and in derogation of his right to counsel, as protected by the 6th and 14th amendments to the U.S. Constitution.

## II. Law and Analysis

## A. Jury Instructions

{¶11} This court normally reviews alleged errors in jury instructions for an abuse of discretion where a timely objection has been raised to erroneous instructions. However, in this case, appellant never objected to the instruction given by the trial court. The state objected to the inclusion of a defense-of-others instruction, but appellant never indicated an issue with the inclusion of the instruction or with the form in which it was given. Appellant also never sought the inclusion of an aggravated assault instruction. Again, the state sought its inclusion based on the close relationship of the theory of defense of others and aggravated assault, but appellant never sought its inclusion or objected when it was not given. Therefore, appellant has waived all but plain error. "To rise to the level of plain error, the alleged error must have substantially affected the outcome of the trial." *State v. Triplett*, 192 Ohio App.3d 600, 2011-Ohio-816, 949 N.E.2d 1058, ¶ 11 (8th Dist.), citing *State v. Barnes*, 94 Ohio St.3d 21, 2002-Ohio-68, 759 N.E.2d 1240; *State v. Sutton*, 8th Dist. Cuyahoga No. 90172, 2008-Ohio-3677.

## a. Defense of Others

{¶12} Appellant first argues that the trial court's instruction regarding defense of others was incomplete, misleading, and an incorrect statement of the law.

**{¶13}** In this case, the trial court's written jury instructions provided to the jury set forth

the following on self-defense and defense of others:

> The defendant claims that what he did was justified on the basis of self-defense.
>
> Burden. The burden of going forward with the evidence of self-defense and the burden of proving an affirmative defense are upon the defendant. He must establish such a defense by a preponderance of the evidence.
>
> Defined. "Preponderance of the evidence" is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your mind the evidence opposed to it.
>
> Additional. A "preponderance" means evidence that is more probable, more persuasive, or of greater probative value. It is the quality of the evidence that must be weighed. Quality may or may not be identical with quantity or the greater number of witnesses.
>
> Consider All Evidence. In determining whether or not an affirmative defense has been proved by a preponderance of the evidence, you should consider all of the evidence bearing upon that affirmative defense regardless of who produced it.
>
> Equally Balanced. If the weight of the evidence is equally balanced or if you are unable to determine which side of an affirmative defense has the preponderance, then the defendant has not established such affirmative defense.
>
> Effect of Failure. If the defendant fails to establish the defense of self-defense, the government still must prove to you beyond a reasonable doubt all of the elements of the crime charged or any lesser-included offense.
>
> Defense of Others
>
> In this case, the defendant, Maurice McDuffie, claims he acted in the defense of his relative. This permits one to come to the defense of others, but only if the person aided had the right to use force may the defender also use force. Maurice McDuffie, in this case, in claiming self-defense, stands in the shoes of Mattie McDuffie whom he is claiming to have aided. If Mattie McDuffie had the right to act in self-defense under the facts of this case and the instructions of the law herein given, then Maurice McDuffie had the same right to act in his defense as he has claimed in his "defense of others."
>
> Please keep this instruction in mind when I instruct you on the law of self-defense. You will first be required to determine whether Mattie McDuffie had the right to

act in self-defense as herein instructed and, if so, whether Maurice McDuffie acted and aided in her defense in this case.

If you find that Mattie McDuffie did not have the right to act in self-defense as claimed under the instructions on self-defense hereafter given, then Maurice McDuffie may not claim self-defense.

Thus, your finding as to whether Mattie McDuffie had the right to act in self-defense must be made first before you determine whether Maurice McDuffie acted in self defense of Mattie McDuffie.

{¶14} This instruction is wholly inadequate. It does not contain any description of the elements of self-defense, and what is present commingles the two instructions. This court addressed a similar argument in *Triplett*, 192 Ohio App.3d 600, 2011-Ohio-816, 949 N.E.2d 1058 (8th Dist.). In that case, Triplett punched the victim, Michael Corrado, once, and Corrado later died from injuries sustained during the fight. Triplett claimed he was acting in defense of his sister when he struck Corrado. At Triplett's trial for involuntary manslaughter and felonious assault, the trial court gave a misleading instruction on defense of others. It commingled instructions for self-defense and defense of others and did not define key terms that were included in the instructions, such as "duty to retreat." This court determined that the instruction in that case amounted to plain error where the court had no degree of confidence in the verdict reached as a result of the improper instruction. *Id.* at ¶ 11.

{¶15} The jury instruction on self-defense and defense of others given in this case, while flawed, does not constitute plain error because the instruction should not have been given at all based on the evidence adduced at trial.

{¶16} According to Angela, Mattie was the aggressor. This means that appellant would be the aggressor for a defense-of-others analysis. *Ellis v. State*, 64 Ohio St.3d 391, 394, 596

N.E.2d 428 (1992) ("one who uses force to intervene in a conflict on behalf of another may not invoke a privilege of self-defense if the person defended was the aggressor in the conflict").

{¶17} According to Mattie's testimony, Angela was the aggressor, but appellant never punched or kicked Angela. Mattie stated she was involved in and witnessed the entire altercation that occurred at the side of the road and then watched Angela leave. She testified that appellant never inflicted any injury to Angela and that Angela left unharmed. If her testimony is to be believed, the defense-of-others instruction should not have been given because there was no evidence that appellant caused the injuries to Angela.

{¶18} Finally, according to Tieisha's testimony, appellant did not inflict the injuries to Angela. Tieisha testified that Angela left with no visible injuries. She also testified appellant kicked Angela in the leg as Angela was getting into the car after the fight. At that point, there was no danger to Mattie, and appellant was not acting in her defense.

{¶19} According to all the testimony adduced at trial, there is no indication that appellant was acting in defense of another in a way that would support the issuance of such an instruction. Therefore, there is no reversible plain error. A proper instruction on defense of others would not have changed the outcome because there is no evidence to support its inclusion in the jury instructions.

{¶20} Appellant argues on appeal that defense of others was one of the key issues in the case, but no evidence at trial bears this out. The defense presented at trial appears to have been that appellant never kicked Angela and that Angela was not injured during the fight with Mattie, or, if she was, that Mattie may have inflicted the wounds. No one testified that appellant acted to defend Mattie with force consistent with the law on defense of others. Both Mattie and Tieisha stated that appellant broke up the fight merely by restraining Angela and walking her

back to her car. Neither the testimony of appellant's mother nor his sister established that appellant acted in anyone's defense, and the testimony of Angela established that Mattie was the aggressor, precluding appellant from sheltering under the affirmative defense of acting in defense of another. Therefore, there is no plain error in this case.

## b. Aggravated Assault

{¶21} Appellant argues that the court erred when it did not include an instruction on the lesser included offense of aggravated assault.

{¶22} The difference between the elements of aggravated and felonious assault is provocation involving sudden passion or fit of rage. R.C. 2903.12. When a person inflicts physical harm on another as a result of severe provocation, the law views their criminal culpability less severely. "Regardless of who reaps the benefit of the rule, [the Ohio Supreme Court] has held that a charge on a lesser included offense is required when the facts warrant it and improper when the facts do not warrant such a charge * * *." *State v. Wine*, Slip Opinion No. 2014-Ohio-3948, ¶ 20. Appellant argues the charge was required in this case. This is contradicted in the record because there was no testimony to support its inclusion in the jury instructions.

> "Even though an offense may be statutorily defined as a lesser included offense of another, a charge on such lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286 [1988], paragraph two of the syllabus. In making this determination, the court must view the evidence in a light most favorable to defendant. *State v. Smith* (2000), 89 Ohio St.3d 323, 331, 2000

Ohio 166, 731 N.E.2d 645; *State v. Wilkins* (1980), 64 Ohio St.2d 382, 388, 18 O.O.3d 528, 415 N.E.2d 303.

> Nevertheless, an instruction is not warranted every time any evidence is presented on a lesser included offense. There must be "sufficient evidence" to "allow a jury to reasonably reject the greater offense and find the defendant guilty on a lesser included (or inferior-degree) offense." *State v. Shane*, 63 Ohio St.3d [630,] at 632-633, 590 N.E.2d 272 [1992].

*State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶ 133-134.  Further, "it is the quality of the evidence offered, not the strategy of the defendant, that determines whether a lesser-included-offense charge should be given to a jury."  *Wine* at ¶ 26.

**{¶23}** Where the testimony and evidence adduced at trial provides a sufficient basis to believe that a defendant acted under serious provocation, "an instruction on aggravated assault must be given to the jury."  *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988), paragraph four of the syllabus.

**{¶24}** But in order for the instruction to be given in the present case, there must be serious provocation.  "[P]rovocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force."  *Id.* at paragraph five of the syllabus.  Further, "[i]n determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time."  *Id.  See also State v. Mack*, 82 Ohio St.3d 198, 200, 694 N.E.2d 1328 (1998).

**{¶25}** Here, no such provocation for the use of force is apparent.  By Angela's account, she and Mattie were on the ground exchanging punches but without serious injury.  Mattie did not have any documented serious injuries that she sustained at the hands of Angela.  She

testified that she had a "lazy eye" and a broken nose that had healed by the time she went to the hospital the following week and a dislocated or broken finger that was treated with a splint. She testified that this injury was sustained after appellant broke up the fight when Mattie again went after Angela as Angela was walking away. Mattie testified she hurt her finger when she pulled Angela's hair when pulling Angela to the ground.

{¶26} Although appellant argues that someone fighting with his mother should constitute provocation, this is not demonstrated in the present case. The testimony documents a mutual fight with both Angela and Mattie punching each other. Even defense counsel in closing arguments classified the affray that way. There is a lack of evidence that Mattie was in any danger of serious physical harm or even that appellant kicked Angela in the face under such provocation. "The trial court must give an instruction on a lesser included offense if under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense." *Wine* at ¶ 34. Here, appellant's view of the evidence and his conclusion that the instruction was required is not a fair characterization of the testimony adduced at trial.

### B. Ineffective Assistance of Counsel

{¶27} Appellant finally argues that trial counsel was ineffective by failing to request an instruction on aggravated assault.

{¶28} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Brooks*, 25 Ohio St.3d 144, 495 N.E.2d 407 (1986).

**{¶29}** In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. *State v. Smith*, 17 Ohio St.3d 98, 477 N.E.2d 1128 (1985).

**{¶30}** When considering allegations of ineffective counsel, a two-step process is employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness. *State v. Lytle*, 48 Ohio St.2d 391, 396-397, 498, 358 N.E.2d 623 (1976); *Strickland*.

**{¶31}** Even where counsel's performance was ineffective, this does not amount to reversible error where no prejudice results. *United States v. Morrison,* 449 U.S. 361, 364-365, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981); *Strickland* at 691.

**{¶32}** To warrant reversal, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

**{¶33}** Here, the argument advanced by appellant fails to meet the prejudice prong of *Strickland*. As set forth above, there was insufficient evidence to support the inclusion of either a defense-of-others instruction or an aggravated assault instruction. Therefore, the failure to request or object to one, the other, or both would not have changed the outcome of the case. Factually, there was no basis to support either instruction even though the court did give the defense-of-others instruction while recognizing it was inappropriate in the case.

### III. Conclusion

**{¶34}** While it was error for the trial court to give an improper instruction on self-defense and defense of others, those errors did not affect the outcome of this case because the instructions should not have been given in the first place. An instruction for the lesser included offense of aggravated assault was also unwarranted in this case. Trial counsel was not ineffective in failing to seek such an instruction or in objecting to the defense-of-others instruction because they had no impact on the outcome of the case.

**{¶35}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, A.J., and
TIM McCORMACK, J., CONCUR