[Cite as *State v. Williams*, 2016-Ohio-2838.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103325**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ALEX WILLIAMS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-592311-A

**BEFORE:** S. Gallagher, J., Keough, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** May 5, 2016

**ATTORNEY FOR APPELLANT**

David L. Doughten
David L. Doughten Co., L.P.A.
4403 St. Clair Avenue
Cleveland, Ohio    44103


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    David Schwark
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Alex Williams ("Alex") appeals from his conviction for felonious assault and aggravated menacing, claiming that his conviction is against the manifest weight of the evidence. We disagree and affirm.

{¶2} In October 2014, Alex attacked his upstairs neighbor with a machete. Alex, his brother Kurtis, and a friend had been fighting with the victim ("Sherman") and Sherman's brother and niece all day. The feuding neighbors were unable to ever coexist. Police had responded to the ongoing fight earlier in the day, but witnesses were reluctant to cooperate, and the agitators, Alex and Kurtis, left the area. After the police officers left, thinking tempers had cooled, Alex and Kurtis returned, evidently to finish what was started. As the physical altercation escalated, Sherman's brother was accosted by Alex and Kurtis. Sherman, unarmed, charged at both brothers. Alex pulled a machete and swung at Sherman, who defended himself by putting his hand out to stop the blow. Cut and badly bleeding, Sherman retreated to a nearby gas station to await medical help.

{¶3} Sherman knew the Williams brothers and could distinguish between the two. He remembered seeing Alex, and not Kurtis, swing the machete at him. Sherman's niece saw the attack and knew the Williams brothers. She also testified that Alex was the attacker. At trial, Alex called his mother and another witness. His mother testified that Alex and Kurtis looked different: Alex was more manicured, and Kurtis was unkept. Alex's mother did not see the actual attack, but did tell Alex to leave the area after the attack. The other witness, who had been drinking all day, did not know anyone, but

claimed the more unkept Williams brother, therefore Kurtis, was the attacker. The witness did not speak to the police officers who responded.

{¶4} After the jury trial, Alex was found guilty of felonious assault and aggravated menacing and sentenced to an aggregate three-year term of imprisonment. He now appeals, advancing a sole assignment of error claiming his conviction is against the manifest weight of the evidence. We find no merit to his claim.

{¶5} When reviewing a claim challenging the manifest weight of the evidence, the court, reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the exceptional case in which the evidence weighs heavily against the conviction. *Id.*

{¶6} The weight of the testimony must still be considered by the trier of fact with the ability to view and hear firsthand the witnesses' testimony. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. Although appellate courts are tasked with sitting as a "thirteenth" juror, "the demeanor of witnesses, the manner of their responses, and many other factors observable by [a trier of fact] * * * simply are not available to an appellate court on review." *State v. Bailey*, 8th Dist.

Cuyahoga No. 97754, 2012-Ohio-3955, ¶ 12. "'A conviction is not against the manifest weight of the evidence solely because the jury heard inconsistent testimony.'" *State v. Hill*, 8th Dist. Cuyahoga No. 99819, 2014-Ohio-387, ¶ 37, quoting *State v. Wade*, 8th Dist. Cuyahoga No. 90029, 2008-Ohio-4574, ¶ 38. It is for this reason that reversing a conviction as being against the manifest weight of the evidence is only reserved for instances in which a miscarriage of justice would result. *State v. Torres*, 8th Dist. Cuyahoga No. 99596, 2013-Ohio-5030, ¶ 93, citing *State v. Raver*, 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, ¶ 21.

{¶7} Alex's sole argument rests with the fact that a single witness claimed to have seen Kurtis swing the machete at Sherman and the fact that Alex's mother claimed her sons wore different clothing than was described by Sherman. Although the mother attempted to shift blame to Kurtis, she did not witness the actual attack. Further, Alex makes no attempt to question the credibility of the state's witnesses who universally and unequivocally identified him as the attacker. Both witnesses were familiar with both Alex and Kurtis, and could identify each, thus rendering any inconsistencies in the color of Alex's clothing less compelling. As a result, we find no reason to circumvent the jury's resolution of the inconsistent testimony heard at trial.

{¶8} Finally, and within the manifest weight of the evidence challenge, Alex summarily concludes that he should have been convicted of a violation of R.C. 2903.12, which provides in pertinent part that "no person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation

occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause serious physical harm to another," because the victim was the aggressor. The evidence unequivocally established that all parties engaged in a mutual fight and Alex escalated that nondeadly fight with the use of a weapon. It is undisputed that Sherman was unarmed. There was no serious provocation for the use of force. *State v. McDuffie*, 8th Dist. Cuyahoga No. 100826, 2014-Ohio-4924, ¶ 26. His argument is without merit.

{¶9} The sole assignment of error is overruled, and the conviction is affirmed.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR